**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000484
12-JAN-2023
11:31 AM
Dkt. 52 SO**

NO. CAAP-21-0000484

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
WEI SHI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCW-20-0000191)

## SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and Chan, JJ.)

After a bench trial, Defendant-Appellant Wei **Shi** was convicted of the offense of Prostitution in violation of Hawaii Revised Statutes (**HRS**) § 712-1200(1)(b) (2014). He appeals from the "Notice of Entry of **Judgment** and/or Order" entered by the District Court of the First Circuit, Honolulu Division, on July 29, 2021.[1] He contends that the district court erred by denying his motion for judgment of acquittal, and that the State's evidence was insufficient to prove his guilt beyond a reasonable doubt. For the reasons explained below, we affirm the Judgment.

We review a ruling on a motion for judgment of acquittal by applying the same standard applied by the trial court: "whether, upon the evidence viewed in the light most

---

[1] The Honorable Michael A. Marr presided.

favorable to the prosecution and in full recognition of the province of the trier of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt." State v. Carroll, 146 Hawai‘i 138, 150, 456 P.3d 502, 514 (2020) (brackets omitted).

Similarly, the standard of review for sufficiency of the evidence is:

> whether, upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, the evidence is sufficient to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt. Sufficient evidence to support a prima facie case requires substantial evidence as to every material element of the offense charged. Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. Under such a review, we give full play to the right of the fact finder to determine credibility, weigh the evidence, and draw justifiable inferences of fact.

State v. Bowman, 137 Hawai‘i 398, 405, 375 P.3d 177, 184 (2016) (citation omitted).

HRS § 712-1200 (2014) provides, in relevant part:

> (1)　A person commits the offense of prostitution if the person:
>
> . . . .
>
> (b)　Pays, agrees to pay, or offers to pay a fee to another to engage in sexual conduct.
>
> (2)　As used in this subsection . . . "sexual conduct" means "sexual penetration" . . . [as] defined in section 707-700[.]

HRS § 707-700 (2014) provides, in relevant part:

> "Sexual penetration" means:
>
> (1)　Vaginal intercourse . . . [or] fellatio[.]

Honolulu Police Department undercover police officer Makalapua **Monteilh** testified at trial. She posted an advertisement on AdultLook, a website where "escorts" post advertisements. She explained that an escort is "[s]omeone who provides sexual conduct for a fee." The district court admitted

2

State's Exhibit 1, a copy of the advertisement, into evidence. JEFS 70, at 2.  The advertisement contained a phone number.

On January 6, 2020, Officer Monteilh received a text message at the phone number on the advertisement.  The text asked, "How much for full service?"  She explained that "full service" is street vernacular for vaginal intercourse and fellatio.  She replied in two separate texts — "250, hour; 200, half hour."  But the person canceled.

The same number texted Officer Monteilh again on January 10, asking what time she was available.  She asked the person to remind her what they wanted.  The reply was "[f]ull service."  She replied, "Can do."  The person texted, "250[?]"  She agreed and gave the person an address and asked what the person was wearing.  The person replied, "orange clothing."  She asked for a name.  The person replied, "Wei."

On January 10, 2020, Officer Monteilh met Shi at the address she had texted.  Shi was wearing an orange shirt.  Officer Monteilh motioned for Shi to come toward her.  Shi walked over.  Officer Monteilh asked if Shi was Wei; he confirmed his identity.  She asked if he had $250.

He said, "yes."

She "asked him if he had condoms because he needed to use the condoms for the sex and blow job, and he said no.  He asked where we could get some."  Officer Monteilh told Shi to follow her.  He did.  She signaled the other police officers on her team.  Shi was arrested.

Officer Monteilh's testimony and State's Exhibit 1, viewed in the light most favorable to the prosecution, was sufficient to establish that Shi agreed or offered to pay a fee to Officer Monteilh to engage in sexual conduct in violation of HRS § 712-1200(1)(b).  Shi's arguments to the contrary are without merit.  The district court did not err by denying Shi's motion for judgment of acquittal.

For the foregoing reasons, the Judgment entered by the district court on July 29, 2021, is affirmed.

DATED:  Honolulu, Hawaiʻi, January 12, 2023.

On the briefs:

Eric Lee Niemeyer,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge